IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

    **Plaintiff,**

v.                                                 Civil Action No. 3:16cv147

MARGARET L. FEGELY,

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Defendant Margaret L. Fegely's Motion to Dismiss.[1] (ECF No. 22.) Plaintiff Deutsche Bank National Trust Company, as Trustee for IndyMac Indx Mortgage Loan Trust 2006-AR12, Mortgage Pass-Through Certificates Series 2006-AR12 ("Deutsche Bank"), responded, (ECF No. 24), and Fegely replied, (ECF No. 25). Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Motion to Dismiss.

### I. Factual and Procedural Background

#### A.    Procedural Background

On February 17, 2016, Deutsche Bank filed a Complaint in the Circuit Court for Hanover County. (ECF No. 1-2.) On March 9, 2016, Fegely removed the case to this Court. (ECF

---

[1] Fegely does not identify the basis for her Motion to Dismiss. Based on the substance of the arguments in her motion, the Court infers that she brings her Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

1

No. 1.) On August 22, 2016, Deutsche Bank filed a Motion for Judgment on the Pleadings, (ECF No. 2), and on September 13, 2016, Fegley filed a Motion for Entry of Default, (ECF No. 4). The Court denied both motions—as well as a demurrer Deutsche Bank had filed prior to removal—without prejudice after a review of the pleadings raised doubts that removal was proper and that the Court had subject-matter jurisdiction over Deutsche Bank's claims. (Feb. 16, 2017 Memo. O., ECF No. 15.) On May 5, 2017, after soliciting briefing from the parties, the Court determined that it possessed subject-matter jurisdiction under 28 U.S.C. § 1332.[2] (May 5, 2017 Memo. O., ECF No. 21.) On May 15, 2017, Fegley filed the Motion to Dismiss.

**B.     Summary of Allegations in the Complaint[3]**

Deutsche Bank brings this action to obtain declaratory relief and to quiet title to a piece of property located at 9271 Shannon Road, Mechanicsville, Virginia 23116 (the "Property"). Deutsche Bank, the record owner of the Property, bought the Property in a legally valid foreclosure sale on August 22, 2012. Fegley had previously owned the Property, but lost it to foreclosure after she defaulted on a Note and secured Deed of Trust.

During and after the foreclosure, Fegley placed three clouds on the title to the Property: a Uniform Commercial Code Financing Statement ("Fegely's UCC Financing Statement") and two Memoranda of *Lis Pendens*. On January 11, 2012, Fegely filed a UCC Financing Statement with the Virginia State Corporation Commission. The next day, she also filed the statement in the Circuit Court Clerk's Office of the Hanover County Court and recorded it in the Hanover County

---

[2] 28 U.S.C. § 1332 confers subject-matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

[3] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Deutsche Bank. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

land records.[4]  Fegely's UCC Financing Statement lists Fegely as the "filer" and "Secured Party"; purports that "Indy Mac [sic] now One West Bank" owes her $100,000,000; states that the debt is secured by the Property as collateral; and, asserts that the "filing establishes a superior security interest." (Compl. ¶¶ 13–16, ECF No. 1-2.) IndyMac is not now, and has never been, indebted to Fegely.

On August 16, 2012, Fegely filed a complaint against, *inter alia*, "IndyMac Mortgage Servicer," and "Deutsche Bank National Trust Company," in the Eastern District of Virginia, Richmond Division (the "District Court") for declaratory judgment, injunctive relief, and to quite title of the Property. (Compl. ¶ 20, Ex. C, at 1.) That same day, Fegely also filed a Memorandum of *Lis Pendens* in the District Court indicating that a lawsuit had been filed against the defendants named in the complaint and identifying the Property as the subject of the action. On August 21, 2012, the District Court dismissed Fegely's Complaint. Fegely appealed the decision to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on August 25, 2012.

On June 27, 2013, Fegely filed a complaint in the Hanover County Circuit Court for declaratory judgment seeking to void the foreclosure of the Property against, *inter alia*, "Deutsche Bank National Trust Company, as Trustee of the Indy Mac [sic] Mortgage Loan Trust 2006-AR12 Mortgage Pass-Through Certificates." (Compl. ¶ 24, Ex. F at 1.) The next day, on June 28, 2013, Fegely filed another Memorandum of *Lis Pendens* indicating that a lawsuit had

---

[4] Deutsche Bank attaches to its Complaint a number of exhibits. Pursuant to Federal Rule of Civil Procedure 10(c), the Court will consider these documents as adopted by reference because they are explicitly referenced in, and attached to, the Complaint. *See* Fed. R. Civ. P. 10(c) ("Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that, on a motion to dismiss, courts consider documents attached to the complaint as exhibits pursuant to Rule 10(c)).

been filed against the defendants named in the complaint and again identifying the Property as the subject of the action. On October 29, 2013, the Hanover County Circuit Court dismissed Fegely's complaint with prejudice. Fegely petitioned to appeal the decision to the Supreme Court of Virginia, but the court denied her petition.

Deutsche Bank brings two counts:

**Count I:** Declaratory Relief pursuant to Va. Code § 8.01-184, claiming that Fegely's UCC Financing Statement was false and should be rendered "null and unenforceable;" and,

**Count II:** Action to Quiet Title, claiming that the two Memoranda of *Lis Pendens* constitute clouds on Deutsche Bank's superior title to the Property and should be stricken from the Hanover County land records.

(Compl. ¶ 37.)

Deutsche Bank seeks a declaratory judgment finding Fegely's UCC Financing Statement "null and unenforceable as a matter of law," an order striking the two Memoranda of *Lis Pendens*, and attorneys' fees and costs. (Compl. ¶ 37.)

## II. Analysis: The Motion to Dismiss

### A. Motion to Dismiss for Failure to State a Claim Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc.*

v. *St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

### B. Deutsche Bank States a Claim for Declaratory Relief

#### 1. The Court Will Exercise Jurisdiction Over Deutsche Bank's Claim for Declaratory Relief

Deutsche Bank's Complaint seeks declaratory judgment pursuant to Virginia Code section 8.01-184,[5] which gives Virginia state circuit courts the power to grant declaratory judgments. This federal court's power to grant declaratory judgments, however, arises pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201.[6] The Court, sitting in diversity, applies state substantive law and federal procedural law and will treat Deutsche Bank's declaratory judgment claim as though it had been filed under 28 U.S.C. § 2201, a procedural statute. *See, e.g., Chapman v. Clarendon Nat'l Ins. Co.*, 299 F. Supp. 2d 559, 563 (E.D. Va. 2004) (treating an action originally filed under Virginia Code § 8.01-184 as though it had been filed under § 2201); *First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669, 672 (D. Md. 2002) (same).

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

---

[5] "In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. . . . ." Va. Code § 8.01-184.

[6] "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

6

jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Declaratory Judgment Act expressly states that district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In light of this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

A district court may decline to entertain a declaratory judgment claim when it has "good reason" to do so. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004). In determining whether to exercise declaratory jurisdiction, this Court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (citation omitted).

The Court, in its discretion, will exercise jurisdiction over Deutsche Bank's declaratory judgment claim. Weighing considerations of federalism, efficiency, and comity, this exercise of discretion is warranted. *See Chapman*, 299 F. Supp. 2d at 563–64 (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)). Virginia's interest in deciding the issues raised does not outweigh this Court's ability to efficiently hear the matter. *Id.* Adjudication of this set of claims—long disputed under different theories in state and federal courts—will not unnecessarily entangle the state and federal courts, nor does this federal jurisdiction suggest "procedural fencing." *Id.*

Deutsche Bank alleges that Fegely's UCC Financing Statement is false and that it improperly places a cloud on the Property Deutsche Bank owns. A declaratory judgment

7

voiding Fegely's UCC Financing statement would, at least in part, clear the title and avoid potential future disputes regarding true ownership of the Property. Accordingly, declaratory relief would both "serve a useful purpose in clarifying and settling the legal relations in issue," and "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.*

### 2. Deutsche Bank States a Claim for the Declaratory Relief it Seeks

Deutsche Bank seeks a judgment declaring that Fegely's UCC Financing Statement is "null and unenforceable as a matter of law." (Compl. ¶ 31.) Deutsche Bank argues that Fegely filed the statement in "an attempt to stall foreclosure proceedings," and that at no point had Deutsche Bank owed Fegely a debt "such that the UCC Financing Statement can be considered an enforceable lien on the [p]roperty." (*Id.*)

Deutsche Bank sufficiently pleads entitlement to declaratory relief. Deutsche Bank has affirmatively pled that it does not, and did not, owe the debt alleged on Fegely's UCC Financing Statement. Moreover, the dispute over the veracity of Fegely's statements on her UCC Financing Statement sufficiently shows that there is an "actual controversy." 28 U.S.C. § 2201. These allegations, taken in the light most favorable to Deutsche Bank, show that it asserts a plausible claim that Fegely's UCC Financing Statement is false and therefore unenforceable. Thus, Deutsche Bank has alleged facts more than sufficient to state a claim for declaratory relief. The Court will deny the Motion to Dismiss as to Count I.

### C. Deutsche Bank States a Claim to Quiet Title

"[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 672 S.E.2d 862, 866 (Va. 2009). To prevail on a claim to quiet title, a

plaintiff "must plead and prove that she has superior title to the property over the defendant." *Salazar v. US Bank NA*, No. CL-2010-7915, 2011 WL 12678216, at *4 (Va. Cir. 2011).

Deutsche Bank sufficiently pleads that it is the record owner of the Property. Deutsche Bank states that it bought the Property in a legally valid foreclosure sale on August 22, 2012,[7] and attaches to the Complaint the Trustee's Deed in Foreclosure,[8] purporting to effectuate the conveyance.[9] Deutsche Bank also pleads facts showing that both of the lawsuits on which the Memoranda of *Lis Pendens* were based have terminated in its favor and that Fegely's attempts to appeal those decisions faltered. Taking the facts in the light most favorable to Deutsche Bank, the allegations in the Complaint plausibly show that it has superior title to the Property.

---

[7] In her Motion to Dismiss, Fegely challenges the validity of the foreclosure sale, claiming that "[t]he purported non-judicial foreclosure was procured in fraud in violation of the Fair Debt Collections Practice Act and said debt and claim to the subject property is not verified." (Mot. Dismiss 1, ECF No. 22.) Fegely provides no factual basis for her assertion that her rights under the Fair Debt Collections Practice Act were violated during the foreclosure of her home. Moreover, a party cannot dispute or raise new facts as part of Rule 12(b)(6) briefing. In ruling on a motion to dismiss for failure to state a claim, the Court "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Martin*, 980 F.2d at 952. Rather, the Court takes as true Deutsche Bank's well-pleaded allegations and views those allegations in the light most favorable to Deutsche Bank. *See id.*

[8] In reply, Fegely contests the authenticity of this document. Again, for purpose of the Motion to Dismiss, the Court assumes the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Deutsche Bank. *Matkari*, 7 F.3d at 1134; *see also* Fed. R. Civ. P. 10(c).

[9] Much of Fegely's Motion to Dismiss argues that Deutsche Bank has not "prove[n] standing" because it has "failed or refused to produce the actual note which Plaintiff alleges Defendant owes." (Mot. Dismiss 2.) Fegely misapprehends the nature of the suit at bar. Deutsche Bank does not assert that Fegely owes it a debt; it seeks only to clear title on the Property. Fegely's related argument that "to prove up [a] claim of damages, [the] foreclosing party must enter evidence incorporating records" and that "damages must be proved by evidence on the record" similarly misses the mark. (*Id.*) Deutsche Bank is not seeking to foreclose on the Property—it alleges that it already owns the Property. Nor does Deutsche Bank seek any damages; it seeks only declaratory relief.

Accordingly, Deutsche Bank has alleged facts more than sufficient to state a claim to quiet title and survive a motion to dismiss. The Court will deny the Motion to Dismiss as to Count II.

### III. Conclusion

For the foregoing reasons, the Court will deny the Motion to Dismiss. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/27/18