IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| DEUTSCH BANK NATIONAL TRUST COMPANY, <br> Plaintiff, <br><br> v. <br><br> MARGARET L. FEGELY, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:16cv147 (MHL) |

**REPORT & RECOMMENDATION**
On Plaintiff's Motion for Judgment on the Pleadings; Defendant's Cross-Motion to Deny Plaintiff's Motion and for Judgment and Subsequent Remedy for Lack of Standing, for Fraud, and for Default; Defendant's Motion to Take Judicial Notice; and Defendant's Emergency Motion for Stay of Judgment

Plaintiff Deutsche Bank National Trust Company, as Trustee for IndyMac Indx Mortgage Trust 2006-AR12, Mortgage Pass-Through Certificates Series 2006-AR12 ("Deutsche Bank"), brings this action against *pro se* Defendant Margaret L. Fegely ("Fegely") seeking declaratory judgment and to quiet title on property purchased at an August 22, 2012 foreclosure sale. The present matter – part of a lengthy sequence of state and federal litigation taking place since the 2012 foreclosure sale – comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation, (*See* ECF No. 44), concerning four unresolved motions: (1) Deutsche Bank's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) (the "Motion for Judgment on the Pleadings") (ECF No. 28); (2) Fegely's Cross-Motion to Deny Deutsche Bank's Motion and for Judgment and Subsequent Remedy for Lack of Standing, for Fraud, and for Default (the "Cross-Motion") (ECF No. 30); (3) Fegely's Motion to Take Judicial Notice (ECF No. 33); and (4) Fegely's Emergency Motion for Stay of Judgment Pending Appeal Pursuant to Federal Rule of Appellate Procedure 8 (the "Stay Motion") (ECF

1

No. 43) (collectively, "the Motions"). The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). The Motions have been fully briefed and are ripe for review. For the reasons discussed below, the Court RECOMMENDS that (1) Fegely's Stay Motion be DENIED AS MOOT; (2) Fegely's Motion to Take Judicial Notice be GRANTED; (3) Deutsche Bank's Motion for Judgment on the Pleadings be GRANTED as to Count I and Count II and DENIED as to the request for an award of attorneys' fees and costs; and (4) Fegely's Cross-Motion be DENIED.

## I. FEGELY'S MOTION FOR STAY OF JUDGMENT

As a threshold matter, the Court addresses Fegely's Stay Motion and provides a brief review of the relevant procedural history in this action. Deutsche Bank filed a Complaint for Declaratory Judgment and Action to Quiet Title against Fegely in Hanover County Circuit Court on February 17, 2016. (Compl., ECF No. 1-2.) On March 9, 2016, Fegely removed the action to this Court. (Notice of Removal, ECF No. 1.)

On August 22, 2016, Deutsche Bank filed a Motion for Judgment on the Pleadings and an appropriate *Roseboro* notice on September 19, 2016. (ECF Nos. 2, 6.) Fegely filed a Motion for Entry of Default on September 13, 2016. (ECF No. 4.) The Court denied both motions – in addition to a demurrer Deutsche Bank filed prior to removal – without prejudice after a review of the pleadings raised doubts that removal was proper and that the Court had subject matter jurisdiction over Deutsche Bank's claims. (Mem. Order, at 2, ECF No. 15.) After briefing by the parties, the Court concluded that it has subject matter jurisdiction under 28 U.S.C. § 1332(a). (Mem. Order, at 5, ECF No. 21.)

On May 15, 2017, Fegely filed a Motion to Dismiss. (ECF No. 22.) On January 19, 2018, Deutsche Bank filed another Motion for Judgment on the Pleadings.[1] (ECF No. 28.) Fegely responded on January 30, 2018 by filing her Cross-Motion, a memorandum in support of the Cross-Motion, and an opposition brief to the Motion for Judgment on the Pleadings. (ECF Nos. 30, 31, 32.) Fegely then filed the Motion to Take Judicial Notice on February 5, 2018. (ECF No. 33.)

On March 27, 2018, by Memorandum Opinion and Order, the Court denied Fegely's Motion to Dismiss. (ECF Nos. 39, 40.) Fegely then appealed the Court's denial of her Motion to Dismiss to the United States Court of Appeals for the Fourth Circuit. (ECF No. 41.) On May 1, 2018, she filed the Stay Motion, petitioning the Court to stay this action pending Fourth Circuit review of her interlocutory appeal. (ECF No. 43.)

On June 18, 2018, the Fourth Circuit dismissed Fegely's appeal for lack of jurisdiction. (ECF No. 45.) The Fourth Circuit's dismissal of Fegely's appeal renders her Stay Motion moot. Accordingly, the Court RECOMMENDS that Fegely's Emergency Motion for Stay of Judgment Pending Appeal Pursuant to Federal Rule of Appellate Procedure 8 (ECF No. 43) be DENIED AS MOOT.

## II. FEGELY'S MOTION TO TAKE JUDICIAL NOTICE

The Court next turns to Fegely's Motion to Take Judicial Notice (ECF No. 33). In her motion, Fegely "moves this Court to take Judicial Notice of the enunciation of principles" in the Final Approval Order in *Thomas v. Wittstadt Title & Escrow Co., LLC*, No. 3:12-cv-450-JRS

---

[1] Deutsche Bank's failure to provide an appropriate *Roseboro* notice to the renewed Motion for Judgment on the Pleadings is of no moment. The *Roseboro* notice filed with the first Motion for Judgment on the Pleadings sufficiently gave Fegely fair notice of the requirements of the relevant standard of review and Defendant's right to file counter-affidavits and other responsive material. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Fegely's actions subsequent to Deutsche Bank filing the January 19, 2018 Motion for Judgment on the Pleadings – by timely filing an opposition brief, the Cross Motion, and a Motion to Take Judicial Notice – demonstrate Fegely's awareness of the standard of review on a motion for judgment on the pleadings and her rights.

3

(E.D. Va. Jan. 7, 2014). A court may take judicial notice of public records, such as court documents, when evaluating a Rule 12 motion. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *People for the Ethical Treatment of Animals, Inc. v. United States Dep't of Agr.*, 194 F. Supp. 3d 404, 408–09 (E.D.N.C. 2016). The Final Approval Order in *Thomas* is an unsealed court document—a public record. The Court can take judicial notice of the Final Approval Order in its evaluation of the Motion for Judgment on the Pleadings and the Cross-Motion. Accordingly, the Court RECOMMENDS that Fegely's Motion to Take Judicial Notice (ECF No. 33) be GRANTED.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

The parties filed cross motions for judgment on the pleadings. In its Motion for Judgment on the Pleadings, Deutsche Bank requests that the Court (i) declare Fegely's UCC Financing Statement "null and void," and (ii) order two memoranda of *lis pendens* removed from Hanover County land records. Fegely's Cross-Motion asserts the same arguments that the Court addressed in its prior Memorandum Opinion and Order denying Fegely's Motion to Dismiss. Since Deutsche Bank's Motion for Judgment on the Pleadings was filed first, the Court now turns to it.

#### A. Relevant Factual Background

This matter's lengthy factual underpinning spans over six years and multiple lawsuits in both state and federal court. The Court here "draws all *reasonable* factual inferences" in the non-movant's – here, Fegely's – favor. *Greensill Capital (UK) Ltd. v. Tempus Intermediate Holdings, LLC*, No. 4:17-cv-127, 2018 WL 1937063, at *2 (E.D. Va. Apr. 24, 2018) (emphasis added).

4

Fegely obtained a $220,000 loan in June 2006, secured by a Deed of Trust, for the property located at 9271 Shannon Road, Mechanicsville, Virginia 23116 (the "Property"). (Compl. ¶ 6, EFC No. 1-2.) IndyMac, F.S.B. ("IndyMac") began servicing Fegely's loan on or about June 30, 2006. (*Id.* ¶ 7.) Fegely subsequently defaulted on her loan and, afterward, Deutsche Bank purchased the Property at a foreclosure sale on August 22, 2012 as shown by the Trustee's Deed in Foreclosure. (Compl., Ex. A.) On November 12, 2012, the Trustee's Deed in Foreclosure was recorded, and the Property was conveyed to Deutsche Bank. (Compl. ¶ 9.)

Prior to the foreclosure sale, on January 12, 2012, Fegely filed a Financing Statement under the Uniform Commercial Code (the "UCC Financing Statement") with the Virginia State Corporation Commission. (Compl. ¶ 11, Ex. B.) Fegely's UCC Financing Statement lists Fegely as the filer and "Secured Party," "Indy Mac Mortgage Services now One West Bank" as debtor, and notes that the "Secured party must be satisfied in full via Bill of Exchange at $100,000,000.00." (*Id.*) Fegely's UCC Financing Statement further states that the "filing establishes a superior security interest." (*Id.*) Deutsche Bank alleges that Fegely falsely filed the UCC Filing Statement to cloud title to the Property. (Compl. ¶¶ 12, 18.) Fegely denies this allegation but provides no support for her position. (Def.'s Opp. to Pl.'s Mot. J. on Pleadings, at 3, EFC No. 32.)

On August 16, 2012, Fegely filed a civil action, *Fegely v. One West Bank FSB, et al.*, Civil Action No. 3:12cv592-HEH, in this Court seeking declaratory judgment, injunctive relief, and to quiet title to the Property. (*Id.* ¶ 20.) That same day, Fegely filed a Notice of *Lis Pendens* in the Hanover County clerk's office. (Compl., Ex. C.) On August 21, 2012, Judge Hudson determined that the Court lacked subject matter jurisdiction over the action and dismissed

Fegely's action pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2). (Compl., Ex. D.) The Fourth Circuit dismissed Fegely's subsequent appeal. (Compl., Ex. E.)

Fegely then filed a complaint in Hanover County Circuit Court on June 27, 2013, seeking declaratory judgment to void the foreclosure of the Property. The next day, Fegely filed a Memorandum of *Lis Pendens* with the Hanover County clerk's office indicating that a lawsuit related to the Property had been filed. (Compl., Ex. F.) The Hanover County Circuit Court dismissed Fegely's suit with prejudice on October 4, 2013, (Compl., Ex. G), and, on October 10, 2014, the Supreme Court of Virginia denied Fegely's petition for appeal. (Compl., Ex. H.)

### B. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." On a motion for judgment on the pleadings, the Court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached to those filings, as well as any documents that are "integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). In the Fourth Circuit, when deciding a Rule 12(c) motion on the basis of the underlying merits, the Court applies the same standard as that for motions for summary judgment. *Greensill Capital (UK) Ltd.*, 2018 WL 1937063, at *2. Under such circumstances, the Court:

> assumes the facts alleged by the nonmoving party to be true and draws all *reasonable* factual inferences in its favor, and judgment is appropriate only if the moving party establishes that no genuine issue of material fact remains to be resolved and that the party is entitled to judgment as a matter of law.

*Id.* (quoting *Paul v. ImpactOffice LLC*, No. CV TDC-16-2686, 2017 WL 2462492, at *2 (D. Md. June 6, 2017)). As such, "[w]hen the plaintiff moves for judgment on the pleadings, the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the

6

material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Id.* (quoting *Zen42 LLC v. Washington & Lee Univ.*, No. 6:17-cv-00053, 2017 WL 4532580, at *1 (W.D. Va. Oct. 10, 2017)).

### C. Discussion

Deutsche Bank brings this action to clear three clouds on its title to the Property created by Fegely in the past several years. Count I seeks to remove Fegely's UCC Financing Statement – through a judicial declaration that it is null and enforceable – as a cloud on title to the Property. Count II seeks to quiet title by requesting that the Court order the release of the Notice of *Lis Pendens* filed on August 21, 2012 in association with *Fegely v. One West Bank FSB, et al.*, Civil Action No. 3:12cv592, and a Memorandum of *Lis Pendens* filed on June 28, 2013 in association with a subsequent state court action in Hanover County Circuit Court. The Court addresses each count of the Complaint individually.

#### i. Count I: Declaratory Relief

In Count I, Deutsche Bank requests that the Court declare Fegely's UCC Financing Statement null and unenforceable. The Court finds that Fegely's UCC Financing Statement, filed January 12, 2012, is facially invalid. Under the Code of Virginia, excluding persons holding agricultural liens, a person may only file an initial financing statement if "the debtor authorizes the filing in authenticated record." Va. Code Ann. § 8.9A-509(a)(1)–(2). Deutsche Bank rightfully asserts that the UCC Financing Statement contains neither IndyMac's signature nor any evidence indicating that IndyMac authorized the filing. (Compl., Ex. B, ECF No. 1-2.) Moreover, as the Court noted in its Memorandum Opinion denying Fegely's Motion to Dismiss, "IndyMac is not now, and has never been, indebted to [Fegely]." (Mem. Op. Mot. Dismiss, at 3.) The Court already rejected Fegely's arguments for the veracity of the UCC Financing

Statement at the motion to dismiss stage. These same baseless arguments do not change the Court's initial assessment of IndyMac's financial obligations toward Fegely. In sum, Fegely fails to provide a factual basis where the Court may reasonably infer the validity of the UCC Financing Statement, nor does she create a genuine issue of material fact as to whether IndyMac authorized the filing. Accordingly, the Court RECOMMENDS that Deutsche Bank's Motion for Judgment on the Pleadings be GRANTED as to Count I and that the Court declare Fegely's UCC Financing Statement null and unenforceable.

ii. **Count II: Action to Quiet Title**

In Count II, Deutsche Bank seeks to quiet title on the Property by requesting that the Court order the release of two memoranda of *lis pendens* that constitute clouds on Deutsche Bank's title to the Property. "[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 672 S.E.2d 862, 866 (Va. 2009). To prevail on a claim to quiet title, a plaintiff "must plead and prove that she has superior title to the property over the defendant." *Salazar v. US Bank NA*, No. CL-2010-7915, 2011 WL 12678216, at *4 (Va. Cir. 2011).

In the Complaint, Deutsche Bank states that it bought the Property in a legally valid foreclosure sale on August 22, 2012. The Trustee's Deed in Foreclosure was properly recorded on or about November 12, 2012 and the Property conveyed to Deutsche Bank. Fegely attacks the authenticity of the Deed by accusation alone and musters no corroboration of her position. Accordingly, Deutsche Bank is the record owner of the Property.

Fegely clouded title on the property twice during prior, closed litigation by filing *lis pendens* memoranda. These *lis pendens* memoranda should be removed from the Hanover

County land records related to the Property. *Lis pendens* filings "put potential purchasers of real property on notice about pending litigation . . ." *Geris v. Piedmont Fed. Corp.*, Civ. A. No. 93-836-A, 1994 WL 603198 (E.D. Va. Apr. 14, 1994) (citing *Harris v. Lipson*, 189 S.E. 349 (Va. 1937)). The Virginia Code stipulates that a court order dismissing a case that gave rise to a *lis pendens* filing "shall" direct "that the . . . *lis pendens* be released." *Calderon v. Aurora Loan Servs., Inc.*, No. 1:10-cv-129, 2011 WL 2749565, at *2 (E.D. Va. 2011) (quoting Va. Code Ann. § 8.01-269).

Fegely filed a Notice of *Lis Pendens* in association with *Fegely v. One West Bank FSB, et al.*, 3:12cv592-HEH on August 21, 2012. Judge Hudson subsequently dismissed the case for lack of subject matter jurisdiction the same day, and the Fourth Circuit later affirmed his decision on October 25, 2012. Fegely filed a Memorandum of *Lis Pendens* on June 28, 2013 in association with a subsequent declaratory judgment action in Hanover County Circuit Court. The circuit court dismissed the case with prejudice on October 4, 2013, and the Virginia Supreme Court denied Fegely's petition to appeal on October 10, 2014. Thus, the litigation underlying Fegely's two outstanding *lis pendens* memoranda has been closed for several years and, pursuant to Va. Code Ann. § 8.01-269, the *lis pendens* on the Property must be released.

Accordingly, the Court RECOMMENDS that Deutsche Bank's Motion for Judgment on the Pleadings be GRANTED as to Count II and that the Court issue an order removing the two remaining *lis pendens* memoranda from the Hanover County land records related to the Property. In light of the Court's recommendation on the Motion for Judgment on the Pleadings, and because Fegely merely reasserts the same baseless arguments that were rejected by the Court in its denial of Fegely's Motion to Dismiss in the Cross-Motion, the Court further RECOMMENDS that Fegely's Cross-Motion be DENIED.

### D. Reasonable Attorneys' Fees and Costs

In its Complaint, Deutsche Bank also seeks an award of its costs and attorneys' fees. (Compl. ¶ 36.) Deutsche Bank cites no statute or case law in support of its request, nor has Deutsche Bank filed a Rule 11 motion for sanctions. Absent such a statute or case law, under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *See In re Crescent City Estates, LLC*, 588 F.3d 822, 825 (4th Cir. 2009) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Thus, the Court RECOMMENDS that Deutsche Bank's request for an award of attorneys' fees and costs be DENIED.

### IV. CONCLUSION

For the reasons discussed herein, the Court RECOMMENDS the following:

- Fegely's Emergency Motion for Stay of Judgment Pending Appeal Pursuant to Federal Rule of Appellate Procedure 8 (ECF No. 43) be DENIED AS MOOT;

- Fegely's Motion to Take Judicial Notice (ECF No. 33) be GRANTED;

- Fegely's Cross-Motion To Deny Deutsche Bank's Motion and for Judgment and Subsequent Remedy for Lack of Standing, For Fraud, and For Default (ECF No. 30) be DENIED; and

- Deutsche Bank's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) (ECF No. 28) be GRANTED as to Counts I and II and DENIED as to Deutsche Bank's request for an award of attorneys' fees and costs.

The Clerk is directed to file this Report and Recommendation electronically and send a copy to all counsel of record, to Fegely at her address of record, and to the Honorable M. Hannah Lauck, United States District Judge.

## V. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal those findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: July 11, 2018