IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEUTSCHE BANK NATIONAL
TRUST COMPANY,**

    **Plaintiff,**

v.                                                                                    **Civil Action No. 3:16cv147**

**MARGARET L. FEGELY,**

    **Defendant.**

## MEMORANDUM ORDER

Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") brings this action against *pro se* Defendant Margaret L. Fegely seeking a declaratory judgment and to quiet title on property purchased at an August 22, 2012 foreclosure sale.

On February 17, 2016, Deutsche Bank filed a Complaint in the Circuit Court for Hanover County. (ECF No. 1-2.) On March 9, 2016, Fegely removed the case to this Court. (ECF No. 1.) On August 22, 2016, Deutsche Bank filed a Motion for Judgment on the Pleadings, (ECF No. 2), and on September 13, 2016, Fegely filed a Motion for Entry of Default, (ECF No. 4). The Court denied both motions—as well as a demurrer Deutsche Bank had filed prior to removal—without prejudice after a review of the pleadings raised doubts that removal was proper and that the Court had subject-matter jurisdiction over Deutsche Bank's claims. (Feb. 16, 2017 Mem. Order, ECF No. 15.) On May 5, 2017, after soliciting briefing from the parties, the Court determined that it possessed subject-matter jurisdiction under 28 U.S.C. § 1332.[1] (May 5, 2017 Mem. Order, ECF No. 21.)

---

[1] 28 U.S.C. § 1332 confers subject-matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

On May 15, 2017, Fegely filed a Motion to Dismiss. (ECF No. 22.) Deutsche Bank responded, (ECF No. 24), and Fegely replied, (ECF No. 25). On January 19, 2018, Deutsche Bank again filed a Motion for Judgment on the Pleadings. (ECF No. 28.) Fegely responded, (ECF No. 32), and Deutsche Bank replied, (ECF No. 34). Separately, on January 30, 2018, Fegely filed a Cross-Motion to Deny Deutsche Bank's Motion and for Judgment and Subsequent Remedy for Lack of Standing, for Fraud, and for Default (the "Cross-Motion"). (ECF No. 30.) Deutsche Bank opposed the Cross-Motion. (ECF No. 35.) On February 5, 2018, Fegely filed a Motion to Take Judicial Notice. (ECF No. 33.)

On March 27, 2018, the Court denied Fegely's Motion to Dismiss. (March 27, 2018 Mem. Order, ECF No. 39.) Fegely appealed the decision to the United States Court of Appeals for the Fourth Circuit, (ECF No. 41), and filed an Emergency Motion for Stay of Judgment Pending Appeal (the "Motion to Stay"), (ECF No. 43). The Fourth Circuit dismissed the appeal because the March 27, 2018 Order, (ECF No. 40), was "neither a final order nor an appealable interlocutory or collateral order." (Fourth Circuit Op. 2, ECF No. 45.)

The Court referred all of the above motions to the Honorable Roderick C. Young, United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). (ECF No. 44.) On July 11, 2018, the Magistrate Judge filed a Report and Recommendation ("R&R"). (ECF No. 49.) The Magistrate Judge recommended that:

(1) Fegely's Motion to Stay, (ECF No. 43), be denied as moot;

(2) Fegely's Motion to Take Judicial Notice, (ECF No. 33), be granted;

(3) Fegely's Cross-Motion, (ECF No. 30), be denied; and,

(4) Deutsche Bank's Motion for Judgment on the Pleadings, (ECF No. 28), be granted as to Counts I and II and denied as to Deutsche Bank's request for an award of attorneys' fees and costs.

(R&R 10.)

2

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 11). On July 16, 2018, Fegely filed an Objection to the R&R. (ECF No. 50.) Deutsche Bank filed no objections to the R&R, and the time to do so has expired.

Fegely's objections merely restate the facts and claims in other court filings and broadly argue, without citation to any legal authority or evidence, that she "has presented unrebutted proof to this Court that fraud was in-fact committed in the foreclosure of the subject property." (Obj. 3, ECF No. 50.) The Magistrate Judge thoroughly and thoughtfully considered these claims in the R&R and correctly deemed them meritless. Fegely also persists in her inapposite claim that "[p]laintiff(s) do not have the legal right to collect this or any sum because no sum is owed by to[sic] the Plaintiff(s)." (*Id.* at 2.) As this Court has stated before,[2] Deutsche Bank is not seeking to collect any debt. Rather, Deutsche Bank seeks a declaratory judgment and to quiet title.

The Court has conducted a *de novo* review of the R&R and Fegely's objections. Finding no error in the R&R, the Court:

(1) ADOPTS the Report and Recommendation IN FULL, (ECF No. 49);

(2) DENIES AS MOOT Fegely's Motion to Stay, (ECF No. 43);

(3) GRANTS Fegely's Motion to Take Judicial Notice, (ECF No. 33);

(4) DENIES Fegely's Cross-Motion, (ECF No. 30);

(5) GRANTS Count I and Count II of Deutsche Bank's Motion for Judgment on the Pleadings, (ECF No. 28); and,

---

[2] "Fegely misapprehends the nature of the suit at bar. Deutsche Bank does not assert that Fegely owes it a debt; it seeks only to clear title on the Property." (March 27, 2018 Mem. Order 9 n.9.)

3

(6) **DENIES** Deutsche Bank's request for an award of attorneys' fees and costs, (ECF No. 28).

To the extent Fegely believes that she has grounds to appeal this decision, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the entry of this Order.[3] Failure to file an appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Memorandum Order to all counsel of record and to Fegely at her address of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/26/18
Richmond, Virginia

---

[3] *See* Fed. R. App. P. 4(a)(1)(A).