# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

**DEUTSCHE BANK NATIONAL**
**TRUST COMPANY,**

      **Plaintiff,**

v.                                                                        **Civil Action No. 3:16cv147**

**MARGARET L. FEGELY,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Defendant Margaret L. Fegely's Motion to Dismiss (the "Second Motion to Dismiss") brought pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] (ECF No. 58), and Motion for Protective Order, (ECF No. 63). Plaintiff Deutsche Bank National Trust Company, as Trustee for IndyMac Indx Mortgage Loan Trust 2006-AR12, Mortgage Pass-Through Certificates Series 2006-AR12 ("Deutsche Bank"), responded to the Second Motion to Dismiss, (ECF No. 61), and to the Motion for Protective Order, (ECF No. 64). Fegely did not reply to either response and the time to do so has expired. The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Second Motion to Dismiss and the Motion for Protective Order.

---

[1] Federal Rule of Civil Procedure 12(b)(6), which allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## I. Factual and Procedural Background

### A. Procedural Background

On February 17, 2016, Deutsche Bank filed a Complaint in the Circuit Court for Hanover County. (ECF No. 1-2.) On March 9, 2016, Fegely removed the case to this Court. (ECF No. 1.) On August 22, 2016, Deutsche Bank filed a Motion for Judgment on the Pleadings, (ECF No. 2), and on September 13, 2016, Fegely filed a Motion for Entry of Default, (ECF No. 4). The Court denied both motions without prejudice, as well as a demurrer Deutsche Bank had filed prior to removal, after a review of the pleadings raised doubts that removal was proper and that the Court had subject-matter jurisdiction over Deutsche Bank's claims. (Feb. 16, 2017 Mem. Order, ECF No. 15.) On May 5, 2017, after soliciting briefing from the parties, the Court determined that it possessed subject-matter jurisdiction under 28 U.S.C. § 1332.[2] (May 5, 2017 Mem. Order, ECF No. 21.) On May 15, 2017, Fegely filed her First Motion to Dismiss.

On March 23, 2018, this Court denied Fegely's First Motion to Dismiss. (ECF No. 40.) Fegely appealed, (ECF No. 41), and the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction and remanded to this Court, (ECF No. 46).

On July 11, 2018, Magistrate Judge Roderick C. Young issued a Report and Recommendation ("R&R") recommending granting Deutsche Bank's Motion for Judgment on the Pleadings, (ECF No. 28), and denying Defendant's Cross Motion, (ECF No. 30). (*See* ECF No. 49.) Fegely objected, and on July 26, 2018, this Court overruled Fegely's objection and adopted the R&R. (ECF No. 51.) Fegely appealed, (ECF No. 52), and the Fourth Circuit vacated judgment and remanded to this Court, (ECF No. 57). In a *per curium* opinion, the

---

[2] Title 28 § 1332 of the United States Code confers subject-matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

2

Fourth Circuit determined that this Court's granting judgment on the pleadings was inappropriate because "Fegely denied the factual allegations in the complaint necessary to Deutsche Bank's claims." *Deutsche Bank Nat'l Trust Co. v. Fegely*, 767 Fed. Appx. 582, 583 (4th Cir. 2019). "Because Fegely was the nonmoving party, the district court should have assumed the allegations in her pleadings to be true to the extent those allegations conflicted with the allegations in the complaint on issues of material fact." *Id.*

On June 13, 2019, Fegely filed her Second Motion to Dismiss the Complaint. Deutsche Bank responded, and Fegely did not reply. On July 11, 2019, Fegely filed an Objection and Response to Plaintiff's Requests for Production and First Set of Interrogatories. (ECF No. 62.) On August 6, 2019, Fegely filed a Motion for Protective Order arguing that the interrogatories were "overly broad, unduly burdensome and oppressive" and indicating that it was inappropriate for Deutsche Bank to "pursue discovery at this juncture." (Mot. Prot. Order 2, ECF No. 63.) Deutsche Bank responded, and Fegely did not reply. (ECF No. 64.)

### B. Summary of Allegations in the Complaint[3]

Deutsche Bank brings this action to obtain declaratory relief and to quiet title to a piece of property located at 9271 Shannon Road, Mechanicsville, Virginia 23116 (the "Property"). Deutsche Bank, the record owner of the Property, bought the Property in a legally valid foreclosure sale on August 22, 2012. Fegely had previously owned the Property, but lost it to foreclosure after she defaulted on a Note and secured Deed of Trust.

---

[3] For the purpose of the Rule 12(b)(6) Motions to Dismiss, the Court will accept the well-pleaded factual allegations in Deutsche Bank's Complaint as true, and draw all reasonable inferences in favor of Deutsche Bank. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

During and after the foreclosure, Fegely placed three clouds on the title to the Property: a Uniform Commercial Code Financing Statement ("Fegely's UCC Financing Statement") and two Memoranda of *Lis Pendens*. On January 11, 2012, Fegely filed a UCC Financing Statement with the Virginia State Corporation Commission. The next day, she filed the Financing Statement in the Circuit Court Clerk's Office of the Hanover County Court and recorded it in the Hanover County land records.[4] Fegely's UCC Financing Statement lists Fegely as the "filer" and "Secured Party;" purports that "Indy Mac [sic] now One West Bank" owes her $100,000,000; states that the debt is secured by the Property as collateral; and, asserts that the "filing establishes a superior security interest." (Compl. ¶¶ 13–16, ECF No. 1-2.) IndyMac asserts that it is not now, and has never been, indebted to Fegely.

On August 16, 2012, Fegely filed a complaint against, among others, "IndyMac Mortgage Servicer," and "Deutsche Bank National Trust Company," in the Eastern District of Virginia, Richmond Division (the "District Court") for declaratory judgment, injunctive relief, and to quiet title of the Property. (Compl. ¶ 20, Ex. C, "District Court Compl.", ECF No. 1-2.) That same day, Fegely filed a Memorandum of *Lis Pendens* in the District Court indicating that a lawsuit had been filed against the defendants named in the District Court Complaint and identifying the Property as the subject of the action. On August 21, 2012, the District Court dismissed Fegely's Complaint. Fegely appealed the decision to the Fourth Circuit, which dismissed the appeal on August 25, 2012.

---

[4] Deutsche Bank attaches to its Complaint a number of exhibits. Pursuant to Federal Rule of Civil Procedure 10(c), the Court will consider these documents as adopted by reference because they are explicitly referenced in, and attached to, the Complaint. *See* Fed. R. Civ. P. 10(c) ("Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that, on a motion to dismiss, courts can consider documents attached to the complaint as exhibits pursuant to Rule 10(c)).

On June 27, 2013, Fegely filed a complaint in the Hanover County Circuit Court for declaratory judgment seeking to void the foreclosure of the Property against, *inter alia*, "Deutsche Bank National Trust Company, as Trustee of the Indy Mac [sic] Mortgage Loan Trust 2006-AR12 Mortgage Pass-Through Certificates." (Compl. ¶ 24, Ex. F, "Hanover County Compl.", ECF No. 1-2.) The next day, on June 28, 2013, Fegely filed another Memorandum of *Lis Pendens* indicating that a lawsuit had been filed against the defendants named in the complaint and again identifying the Property as the subject of the action. On October 29, 2013, the Hanover County Circuit Court dismissed Fegely's Complaint with prejudice. Fegely petitioned to appeal the decision to the Supreme Court of Virginia, but that court denied her petition.

Deutsche Bank brings two counts in the instant Complaint:

Count I:   Declaratory Relief pursuant to Va. Code § 8.01-184, claiming that Fegely's UCC Financing Statement was false and should be rendered "null and unenforceable;" and,

Count II:  Action to Quiet Title, claiming that the two Memoranda of *Lis Pendens* constitute clouds on Deutsche Bank's superior title to the Property and should be stricken from the Hanover County land records.

(Compl. ¶ 37.)

## II. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

5

550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus., Inc.*, 637 F.3d at 440)). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## III. Analysis: The Motion to Dismiss

### A. The Court Will Deny the Second Motion to Dismiss Under the Law of the Case Doctrine Because Fegely Brings Arguments That Have Previously Been Rejected By This Court

The Second Motion to Dismiss makes arguments which have been rejected on multiple occasions during the pendency of this case. Indeed, the present Second Motion to Dismiss consists of a near-verbatim composite of Fegely's First Motion to Dismiss, and her Reply to Deutsche Bank on that same motion. (*See* ECF Nos. 22, 25.)

The law of the case doctrine stipulates that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 807 (E.D. Va. 2007) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)). While "neither absolute nor inflexible," the law of the case doctrine "serve[s] the goals of finality and predictability in the trial court." *Id.* (citing *Smith v. Bounds*, 813 F.2d 1299, 1304 (4th Cir. 1987)). The Court should be reluctant to revisit its prior decisions "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson*, 486 U.S. at 817 (internal citations omitted). Although Deutsche Bank properly raised this issue in its Response, the district court may raise a law of the case issue *sua sponte*. *See Ariz. v. Cal.*, 530 U.S. 392, 412 (2000) ("If a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*."); *see also Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134–35 (8th Cir. 2007); *United States v. Matthews*, 643 F.3d 9, 12 n.2 (1st Cir. 2011).

Here, Fegely makes arguments that have thrice been rejected: first, in this Court's March 27, 2018 Memorandum Opinion; second, in Magistrate Judge Young's July 18, 2018 Report and

Recommendation; and, third, in this Court's *de novo* review and adoption of the R&R and Fegely's objections. (*See* ECF Nos. 39, 49, 51.) The Court can identify no new arguments in Fegely's briefs, nor circumstances which would justify revisiting its prior decisions.

Specifically, in the March 27, 2018 Memorandum Opinion denying the First Motion to Dismiss, the Court found that it possessed jurisdiction—and the discretion to hear—Deutsche Bank's declaratory judgment claim, determining that "a declaratory judgment voiding Fegely's UCC Financing statement would, at least in part, clear the title and avoid potential future disputes regarding true ownership of the Property." (March 27 Mem. Op. 7–8, ECF No. 39.) The Court further found that Deutsche Bank "sufficiently pleads entitlement to declaratory relief" by "affirmatively ple[ading] that it does not, and did not, owe the debt alleged on Fegely's UCC Financing Statement." (*Id.* 8.) Finally, the Court concluded that Deutsche Banks stated a claim to quiet title by stating that it "bought the Property in a legally valid foreclosure sale on August 22, 2012, and attaches to the Complaint the Trustee's Deed in Foreclosure, purporting to effectuate the conveyance." (*Id.* 9) (footnotes omitted).

In so finding, the Court rejected Fegely's arguments that: (1) the foreclosure sale was perpetrated by fraud in violation of the Fair Debt Collections Practices Act ("FDCPA"); (2) the Trustee's Deed was invalid; (3) Deutsche Bank was required to present the note in order to legally bring about foreclosure (the "show me the note" claim); or, (4) Deutsche Bank lacked standing to foreclose on the property. (*See id.* 8–9.) Far from breaking new ground, Fegely's Second Motion to Dismiss raises identical claims to those rejected in the Court's March 23, 2018 Opinion.

While the March 27, 2018 Memorandum Opinion would be sufficient to deny the Second Motion to Dismiss, the Court observes that Fegely's contentions have been rejected at least two

8

other times during the pendency of this case. First, Magistrate Judge Young found Fegely's arguments against declaratory judgment and quiet title insufficient and ruled against her cross-motion to dismiss because she "merely reassert[ed] the same baseless arguments that were rejected by the Court in its denial of Fegely's Motion to Dismiss." (R&R 9, ECF No. 49.) Second, in its *de novo* review of the R&R, this Court observed that Fegely's arguments

> merely restate the facts and claims in other court filings and broadly argue, without citation to any legal authority or evidence, that she "has presented unrebutted proof to this Court that fraud was in-fact committed in the foreclosure of the subject property." The Magistrate Judge thoroughly and thoughtfully considered these claims in the R&R and correctly deemed them meritless. Fegely also persists in her inapposite claim that "[p]laintiff(s) do not have the legal right to collect this or any sum because no sum is owed by to[sic] the Plaintiff(s)." As this Court has stated before, Deutsche Bank is not seeking to collect any debt. Rather, Deutsche Bank seeks a declaratory judgment and to quiet title.

(July 26, 2018 Mem. O. 3, ECF No. 51) (rejecting Fegely's claims raised in her Objection to the R&R, (*see* ECF No. 50), that Deutsche Bank committed FDCPA violations, lacked a valid trustee's deed, and lacked standing to pursue the foreclosure). The same rationale, again, holds true here.

The Second Motion to Dismiss does contain new language from the Fourth Circuit's decision vacating this Court's grant of judgment in favor of Deutsche Bank in *Deutsche Bank National Trust Company v. Fegely*, 767 Fed. Appx. 582 (4th Cir. 2019). That addition, however, does not materially differentiate the Second Motion to Dismiss. The Fourth Circuit reversed this Court only in regard to its judgment for Deutsche Bank on the pleadings because Fegely "denied the factual allegations in the complaint necessary to Deutsche Bank's claims." *Fegely*, 767 F. App'x. at 583. The Fourth Circuit did not disturb this Court's finding that Deutsche Bank has pled entitlement to declaratory relief and quiet title. Far from it, the Fourth Circuit's opinion and order did not vacate the Court's order denying Fegely's cross-motion, which read liberally,

9

alleged that the foreclosure sale was procured by fraud and violations of the FDCPA. (*See* Mem. Supp. Def. Cross-Motion, ECF No. 31.)

This Court has continuously rejected the arguments contained within the Second Motion to Dismiss.[5] Under the law of the case doctrine, the Court declines to reconsider its previous rulings on this issue in the absence of any indications that its "initial decision[s] [were] clearly erroneous and would work a manifest injustice." *Christianson*, 486 U.S. at 817. The Court readopts its March 27, 2018 Memorandum Opinion and Order, (ECF Nos. 39, 40), and to the extent it rejects Fegely's claims of fraud, lack of standing, and other attacks on the validity of the Trustee's Deed, the rationale of the Court's July 26, 2018 Memorandum Order, (ECF No. 51). After review of these decisions, the Court determines once again that Deutsche Bank has sufficiently stated a claim to quiet title and for declaratory relief. Accordingly, the Court will deny Fegely's Second Motion to Dismiss.

### IV. Analysis: The Motion for Protective Order

Fegely seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c) to shield her from answering Deutsche Bank's June 27, 2019 interrogatories. In support of her motion, Fegely makes a number of objections, including that: (1) "there is no proof on the record as to any purported debt owed by the Defendant"; (2) "this matter and Proceeding is in Violation of the FDCPA;" (3) the "questions exceed the permissible scope of discovery;" (4) the questions are "not relevant to the subject matter of the action;" (5) the questions "seek[]

---

[5] Deutsche Bank correctly notes that Fegely filed her Second Motion to Dismiss after she answered Deutsche Bank's Complaint, meaning the motion was untimely and could be denied on that basis alone. *See* Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted.") Given Fegely's *pro se* status, the Court chooses not to dismiss solely on procedural grounds.

The Court reminds Fegely she must abide by the Court's rules and decisions as her case progresses. Failure to abide by the Court's deadlines in the future will result in the Court refusing to consider her filing.

information equally available to interrogating party;" and, (6) the questions are "overly broad, unduly burdensome and oppressive." (Mot. Protective Order 2–3, ECF No. 63.) Fegely further states that "[f]or the Plaintiff/Plaintiff's Attorney to pursue discovery at this juncture further proves the Defendant's assertions in the many pleadings before this Court . . . [including] several exhaustive pleadings and replying pleadings." (*Id.* 4.) Because Fegely does not include the necessary certification attesting that she has conferred with Deutche Bank and makes only unsupported general objections, the Court must deny the Motion for Protective Order.

A. **Legal Standard: Relevance and Overbreadth**

Rule 26 governs the scope of discovery, stating: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Cappetta v. GC Servs. Ltd. P'ship*, 2008 WL 5377934, *7 (E.D. Va. 2008) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 251, 254 (N.D. Ill. 1978). The burden is on the party resisting production to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980). Boilerplate and/or general objections will not suffice. *ACMA USA Inc. v. Surefil LLC*, No. 3:08cv071, 2008 WL 2714422 (E.D. Va. 2008).

Just as with relevance objections, merely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state a proper objection. *See Josephs v. Harris*

11

*Corp.*, 677 F.2d 985, 991-91 (3d Cir. 1982); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (upholding sanction of default judgment against party who objected to discovery requests with the statement, "Request is overly-broad, not specific, and creates a hardship on the producing party."). In order to overcome the liberal construction afforded by the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden. *See, e.g., Roesberg*, 85 F.R.D. at 296–97. Merely characterizing a discovery request as "overly broad, burdensome, oppressive and irrelevant" will not satisfy the opposing party's burden of showing with specificity why a request is objectionable. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting *Josephs*, 677 F.2d at 992). The mere fact that responding to a discovery request will require the objecting party "to expend considerable time, effort and expense consulting, reviewing and analyzing 'huge volumes of documents and information' is an insufficient basis to object" to a relevant discovery request. *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (quoting *Roesberg*, 85 F.R.D. at 296–97). Similarly, an objecting party must specify which part of a request is overbroad, and why.

B.   **Legal Standard: Protective Orders**

Rule 26(c)(1) allows a party to "move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). The motion for a protective order, however, "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

### C. The Court Will Deny Fegely's Motion for a Protective Order, Require Fegely to Respond to the Interrogatories, and Set a Hearing Date

The Court will deny Fegely's Motion for a Protective Order, overrule Fegely's objections to the interrogatories, and set a discovery hearing date in this matter.

Protective orders must "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Fegely does not attach any such certification to her Motion for Protective Order. Indeed, Deutsche Bank relates that it has attempted to establish contact regarding her objections, yet Fegely has "failed to contact Deutsche Bank's counsel at all prior to filing." (Resp. Mot. Protective Order 2, ECF No. 64.)

Furthermore, the Court will order Fegely to respond to Deutsche Bank's interrogatories. As a threshold matter, Fegely's "general objections"—as she describes them—are insufficient to sustain an evidentiary objection. (Mot. Protective Order 2.) A party resisting discovery must state with specificity why each and every piece of evidence requested—whether documents, interrogatories, or other information—does not fall within the scope of discovery under Rule 26.

Turning to the heart of Fegely's contentions, her first two objections, that there is no proof on the record of a debt and that the present suit violates the FDCPA, are the subject of her Second Motion to Dismiss, and as discussed above, lack merit. Fegely's Third, Fourth, and Sixth objections that the interrogatories exceed the permissible scope of discovery, are not relevant to the subject matter of the action, and are overly broad, lack the supporting evidentiary support necessary to sustain them. Fegely has not demonstrated that "despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant." *Roesberg*, 85 F.R.D. at 296. Nor has Fegely submitted any documentation or information indicating how the interrogatories are overbroad or burdensome. *See id.* Finally, Fegely's Fifth

13

objection, that the interrogatories seek information equally available to Deutsche Bank, must be overruled. From the interrogatories submitted to the Court, Deutsche Bank requests information regarding the rationale and evidence supporting Fegely's denials in her Answer of Deutsche Bank's claims. Deutsche Bank, by definition, does not possess equal access to that information.

The Court remains conscious of Fegely's *pro se* status, and of her likely unfamiliarity with discovery procedures. Fegely's *pro se* status, however, does not relieve her of her duty to respond to relevant discovery requests, nor of her duty to help advance this litigation—now in its third year—to a speedy conclusion on the merits. *See Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (finding that although *pro se* litigants "must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience"). Fegely has denied the claims made in Deutsche Bank's Complaint, and must now participate in the gathering of evidence to allow the case to proceed to trial.

The Court orders Fegely to respond to Deutsche Bank's interrogatories no later than February 5, 2019. The Court orders both Parties to submit separate Status Reports on the progress of discovery no later than February 7, 2020. If outstanding discovery issues persist, the Court will hold a hearing to resolve those issues on February 19, 2020, at 2:00 p.m.

### V. Conclusion

For the foregoing reasons, the Court will deny the Motion to Dismiss and deny the Motion for Protective Order. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: January 13, 2020
Richmond, Virginia

14