IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

        Plaintiff,

v.                                            Civil Action No. 3:16cv147

MARGARET L. FEGELY,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on two motions:

(1)    *Pro Se*[1] Defendant Maragret L. Fegely's Notice of Motion to Dismiss Complaint for Declaratory Judgment and Action to Quiet Title for Lack of Standing and for Fraud (the "Motion to Dismiss"), (ECF No. 83); and,

(2)    Plaintiff Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR12, Mortgage Pass-Through Certificates Series 2006-AR12's ("Deutsche Bank") Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56,[2] (ECF No. 88).

---

[1] Because Fegely proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).

[2] Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

Fegely responded to the Motion for Summary Judgment,[3] (ECF No. 90), and Deutsche Bank replied, (ECF No. 91).  Deutsche Bank responded to the Motion to Dismiss.  (ECF No. 86.) Fegely did not reply, and the time to do so has expired.

The matter is ripe for disposition.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[4] For the reasons that follow, the Court will grant the Motion for Summary Judgment and deny the Motion to Dismiss.

## I.  Factual and Procedural Background

This matter concerns the title to property located at 9271 Shannon Road, Mechanicsville, Virginia 23116, where Fegely resides (the "Property").  Deutsche Bank purchased the property at a foreclosure sale in 2012.  Since that time, the Parties have disputed ownership of the property. The Court first recounts the procedural history before turning to the facts underlying the property dispute.

---

[3] Deutsche Bank included with the Motion for Summary Judgment a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K).  (ECF No. 88.)  The Roseboro Notice informed Fegely that she had twenty-one (21) days to respond to the Motion for Summary Judgment, and that the Court could enter a judgment against her if she failed to respond.  (*Id.* 1.)

[4] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  As the Court determined in its May 5, 2017 Memorandum Order, Deutsche Bank as a "national banking association" is a citizen of California, where its main office, as designated in its articles of association, is located.  (May 5, 2017 Mem. Order, ECF No. 21 (citing 28 U.S.C. § 1384).)  Fegely is a citizen of the Commonwealth of Virginia.  (*Id.*)  Finally, the amount in controversy exceeds $75,000.  (*Id.* 4–5.)

2

## A.    Procedural Background

On February 17, 2016, Deutsche Bank filed a Complaint in the Circuit Court for Hanover County. (ECF No. 1-2.)  On March 9, 2016, Fegely removed the case to this Court. (ECF No. 1-1.)  On August 22, 2016, Deutsche Bank filed a Motion for Judgment on the Pleadings, (ECF No. 2), and on September 13, 2016, Fegely filed a Motion for Entry of Default, (ECF No. 4). The Court denied both motions without prejudice, as well as a demurrer Deutsche Bank had filed prior to removal, after a review of the pleadings raised doubts that removal was proper and that the Court had subject-matter jurisdiction over Deutsche Bank's claims. (Feb. 16, 2017 Mem. Order, ECF No. 15.)  On May 5, 2017, after soliciting briefing from the parties, the Court determined that it possessed subject-matter jurisdiction under 28 U.S.C. § 1332. (May 5, 2017 Mem. Order, ECF No. 21.)  On May 15, 2017, Fegely filed her First Motion to Dismiss. (ECF No. 22.)

One week later, on March 27, 2018, this Court denied Fegely's First Motion to Dismiss. (ECF No. 40.)  Fegely appealed, (ECF No. 41), and the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction and remanded to this Court, (ECF No. 46).

On July 11, 2018, Magistrate Judge Roderick C. Young issued a Report and Recommendation, recommending that this Court grant Deutsche Bank's Motion for Judgment on the Pleadings, (ECF No. 28), and deny Fegely's Cross-Motion, (ECF No. 30). (*See* ECF No. 49.)  Fegely objected. (ECF No. 50.)  On July 26, 2018, this Court overruled Fegely's objection and adopted the Report and Recommendation. (ECF No. 51.)  Fegely appealed, (ECF No. 52), and the Fourth Circuit vacated judgment and remanded to this Court, (ECF No. 57).  In a per curiam opinion, the Fourth Circuit determined that this Court's granting judgment on the

3

pleadings was inappropriate because "Fegely denied the factual allegations in the complaint necessary to Deutsche Bank's claims." *Deutsche Bank Nat'l Tr. Co. v. Fegely*, 767 F. App'x 582, 583 (4th Cir. 2019). "Because Fegely was the nonmoving party, the district court should have assumed the allegations in her pleadings to be true to the extent those allegations conflicted with the allegations in the complaint on issues of material fact." *Id.*

On June 13, 2019, Fegely filed her Second Motion to Dismiss the Complaint. (ECF No. 58.) Deutsche Bank responded, (ECF No. 61), and Fegely did not reply. On July 11, 2019, Fegely filed an Objection and Response to Plaintiff's Requests for Production and First Set of Interrogatories. (ECF No. 62.) On August 6, 2019, Fegely filed a Motion for Protective Order arguing that the interrogatories were "overly broad, unduly burdensome and oppressive" and indicating that it was inappropriate for Deutsche Bank to "pursue discovery at this juncture." (Mot. Prot. Order 2, 4, ECF No. 63.) Deutsche Bank responded, and Fegely did not reply. (ECF No. 64.)

On January 13, 2020, this Court denied the Second Motion to Dismiss, (ECF No. 58), and Fegely's Motion for Protective Order, (ECF No. 63). (*See* ECF No. 66.) In the associated Memorandum Opinion, the Court determined "that Deutsche Bank has sufficiently stated a claim to quiet title and declaratory relief." (Jan. 13, 2020 Mem. Op. 10, ECF No. 65.) Nevertheless, Fegely brings a third Motion to Dismiss Deutsche Bank's Complaint.

On August 18, 2020, after seven months of discovery, Deutsche Bank moved for summary judgment in its favor. (ECF No. 88.) Fegely timely responded, (ECF No. 90), and Deutsche Bank replied, (ECF No. 91). On September 15, 2020, Fegely filed a sur-reply and

Affidavit.[5]  (ECF No. 92.)  Deutsche Bank responded, (ECF No. 93) and Fegely replied, (ECF No. 94).

Deutsche Bank brings two counts in the instant Complaint:

**Count I:**      Declaratory Relief pursuant to Va. Code § 8.01-184,[6] claiming that Fegely's UCC Financing Statement was false and should be rendered "null and unenforceable;" and,

**Count II:**     Action to Quiet Title, claiming that the two Memoranda of *Lis Pendens* constitute clouds on Deutsche Bank's superior title to the Property and should be stricken from the Hanover County land records.

(Compl. ¶ 37.)

---

[5] The Court does not consider Fegely's or Deutsche Bank's sur-replies. (ECF Nos. 92–94). Eastern District of Virginia Local Civil Rule 7 prohibits a party from filing a sur-reply without first obtaining leave of Court. E.D. Va. Loc. Civ. R. 7(F)(1) ("No further briefs . . . may be filed without first obtaining leave of Court."). A court has the discretion to grant a responding party leave to file a sur-reply when the moving party has raised new arguments or brought forth new material in its reply brief. *Dillard v. Kolongo*, No. 1:16cv1060, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017). "Sur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12cv592, 2014 WL 12527239, at *3 (E.D. Va. May 23, 2014) (internal quotations and citation omitted). Generally, the Court would disregard those new arguments raised for the first time in a reply brief and deny the request for a sur-reply.

No party sought leave of Court to file a sur-reply. The Court will not address any arguments raised in ECF Nos. 92–94. The Court does not see any new arguments or material brought by Deutsche Bank in its reply brief that would warrant sur-reply. And were the Court to consider Fegely's sur-reply in deference to her *pro se* status, much of the affidavits in it do not address the three documents here. Indeed, her admissions during discovery—that she filed the UCC Financing Statement absent authorization from IndyMac—supports the position Deutsche Bank advances, not her own. Because the sur-replies largely represent the Parties' efforts "to have the last word on the matter," the Court will disregard them. *Lismont*, 2014 WL 12527239, at *3.

[6] Virginia Code § 8.01-184, provides "circuit courts within the scope of their respective jurisdictions . . . power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed." Va. Code Ann. § 8.01-184.

## B.    **Factual Background**[7]

Deutsche Bank brings this action to obtain declaratory relief and quiet title of the Property. (Compl. 1, ECF No. 1-2.)

On June 21, 2006, Fegely borrowed $220,000 from the Home Loan Center, Inc., dba LendingTree Loans ("LendingTree") to purchase the Property. (Mot. Summ. J. Ex. B "Fegely's Objection and Response to Plaintiff's Requests for Production" 31–32.) About six years later, Fegely defaulted on the loan, and Deutsche Bank purchased the Property at a foreclosure sale on August 22, 2012. (Compl. Ex. A "Trustee's Deed in Foreclosure" 14–17, ECF No. 1-2.)

During and after the foreclosure, Fegely placed three clouds on the title to the Property: a Uniform Commercial Code Financing Statement and two Memoranda of *Lis Pendens*.

First, on January 11, 2012, Fegely filed a UCC Financing Statement with the Virginia State Corporation Commission. (Compl. Ex. B "the UCC Financing Statement" 18, ECF No. 1-2.) The next day, she filed the Financing Statement in the Circuit Court Clerk's Office for Hanover County (the "Hanover County Clerk's Office") and recorded it among the land records in Hanover County, Virginia. (*Id.*) On the Financing Statement, Fegely identifies herself as both the "filer" and the "Secured Party" to a "superior security interest" in the Property based on an alleged $100,000,000 debt owed to her by "Indy Mac [sic] now One West Bank." (*Id.*) Neither IndyMac nor anyone else ever signed the Financing Statement. (*Cf. id.*) During discovery, Fegely admitted that "no one authorized defendant [Fegely] to file

---

[7] In ruling on the Motion for Summary Judgment, the Court will view the undisputed facts and all reasonable inferences in the light most favorable to Fegely as the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

the UCC [Financing Statement]," and that she filed the Financing Statement "to protect [her] home." ("First Discovery Response" ¶¶ 9, 16, ECF No. 80.)  Absent the Financing Statement, Fegely submits no documentation or other evidence of IndyMac's indebtedness to her.  (*Id.* ¶ 10.)

Next, on August 16, 2012 (one week before the August 22, 2012 foreclosure sale), Fegely filed a complaint against, among others, "IndyMac Mortgage Servicer" and "Deutsche Bank National Trust Company" in the Eastern District of Virginia, Richmond Division (the "District Court") for declaratory judgment, injunctive relief, and to quiet title of the Property.[8] (Compl. Ex. C "Notice of *Lis Pendens* (No. 3:12cv592)" 22, ECF No. 1-2.)  On August 21, 2012, Fegely filed a Memorandum of *Lis Pendens* (the "Federal *Lis Pendens*") in the Hanover County Clerk's Office, indicating that a lawsuit had been filed against the defendants named in the United States District Court Complaint and identifying the Property as the subject of the action.  (*Id.* 21–24.)  On that same day, the District Court dismissed Fegely's Complaint without prejudice for lack of subject matter jurisdiction.  (Compl. Ex. D. "Memorandum Order (No. 3:12cv592)" 25, ECF No. 1-2.)  Fegely appealed the decision to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on October 25, 2012.  (Compl. Ex. E "*Fegely v. One West Bank FSB, et al.* Order (No. 12-2027")" 30, ECF No. 1-2.)  During discovery, Fegely admitted that she "has no proof that this Civil Action is not closed." ("Second Discovery Response" 4, ECF No. 81.)

Lastly, on June 27, 2013, Fegely filed a complaint in the Hanover County Circuit Court for declaratory judgment seeking to void the foreclosure of the Property against, *inter alia*, "Deutsche Bank National Trust Company, as Trustee of the Indy Mac [sic] Mortgage Loan Trust

---

[8] *Fegely v. OneWest Bank FSB, et al.*, No. 3:12cv592 (Hudson, J.).

2006-AR12 Mortgage Pass-Through Certificates." (Compl. Ex. F "July 3, 2013 Memorandum of *Lis Pendens*" 31, ECF No. 1-2.)  The next day, on June 28, 2013, Fegely filed another Memorandum of *Lis Pendens* (the "State *Lis Pendens*") in the Hanover County Clerk's Office, indicating that a lawsuit had been filed against the defendants named in the state court Complaint and again identifying the Property as the subject of the action. (*Id.* 31–35.)  The Hanover County Circuit Court dismissed Fegely's state court Complaint with prejudice, and the Supreme Court of Virginia denied her petition for appeal.  During discovery, Fegely admitted that she "believe[s] it [the state court civil action] is closed." (Sec. Discovery Resp. 4.)

In the Motion for Summary Judgment, Deutsche Bank argues that:

(1)     The UCC Financing Statement recorded in the Circuit Court Clerk's Office of Hanover County at Instrument No. 2012011220000030 is invalid, null and unenforceable as a matter of law;

(2)     The *lis pendens* recorded in the Circuit Court Clerk's Office of Hanover County at Instrument No. 201282100011380 as concerns civil action No. 3:12-cv-592 in this Court is deemed released, as that action is closed; and,

(3)     The *lis pendens* recorded in the Circuit Court Clerk's Office of Hanover County at Instrument No. 20130703000106830 as concerns civil action No. CL13002273-00 in Hanover County Circuit Court is deemed released, as that action is closed.

(Mem. Supp. Mot. Summ. J. 11, ECF No. 89.)

For the reasons that follow, the Court will grant the Motion for Summary Judgment and deny the Motion to Dismiss.

## II.  Standards of Review

### A.     Rule 56 Summary Judgment

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of

8

law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Liberty Lobby*, 477 U.S. at 248–50.

"A fact is material if the existence or non-existence thereof could lead a jury to different resolutions of the case." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 628 (E.D. Va. 2016) (citing *Liberty Lobby*, 477 U.S. at 248). Once a party has properly filed evidence supporting its motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 322–24. The parties must present these in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Liberty Lobby*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of his [or her] evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

> In the end, the non-moving party must do more than present a scintilla of evidence in its favor. Rather, the non-moving party must present sufficient evidence such that reasonable jurors could find by a preponderance of the evidence for the non-movant, for an apparent dispute is not genuine within contemplation of the summary judgment rule unless the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find the facts in his [or her] favor.

*Sylvia Dev. Corp.*, 48 F.3d at 818 (internal quotations, citations, and alterations omitted). The ultimate inquiry in examining a motion for summary judgment is whether there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the

[nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (internal citations omitted).

In the end, the question the Court must determine is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## B.   **Declaratory Relief**

Under the Declaratory Judgment Act, "any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree." *Id.* Declaratory judgments exist so that parties can avoid "multiplicity of litigation" and "liability for ongoing damages" because of uncertain rights. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 593 (4th Cir. 2004).

The Fourth Circuit has identified three factors that, when present, allow a court to properly consider a declaratory judgment:

> (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Id.* at 592 (citations omitted).

Even if a matter meets all three requirements, a district court may exercise its discretion to abstain from ruling on a declaratory judgment action. *Id.* at 594 (stating that "[i]f a district court possesses declaratory judgment jurisdiction, it may nonetheless, in the exercise of its discretion, decline to entertain the action"). This discretion, however, has limits. A "district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction."

*Id.* (citation omitted).  A "district court is obliged to rule on the merits of a declaratory judgment action when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.'" *Id.* (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

### III. Analysis

The Court will first evaluate the Motion for Summary Judgment, finding that even in a light most favorable to Fegely, she does not raise a genuine dispute of material fact as to either Counts I or II.  Therefore, the Court will grant the Motion for Summary Judgment.

The Court next considers the Motion to Dismiss.  Because Fegely lodges arguments previously rejected by this Court, the Court will deny the Motion to Dismiss because no "extraordinary circumstance" exists to justify setting aside its previous rulings.

### A.    The Court Will Grant the Motion for Summary Judgment

The Court first considers the Motion for Summary Judgment, viewing the facts in a light most favorable to Fegely.  Despite doing so, the Court will declare[9] the Financing Statement null and unenforceable because Fegely does not present—and in fact admits that she does not have—any evidence that IndyMac authorized her to file the Financing Statement.

---

[9] Declaratory judgment is appropriate as to the three encumbrances on the Property at issue.  First, an "actual controversy . . . of sufficient immediacy and reality" exists as to the three clouds on the Property's title, as evidenced by the years-long litigation in this case, which would finally determine whether Deutsche Bank takes the Property free and clear.  *Volvo Const. Equip. N. Am., Inc.*, 386 F.3d at 592.  Next, the Court has already found in its May 5, 2017 Memorandum Order that it possesses "an independent basis for jurisdiction over the parties." *Id.*; (May 5, 2017 Mem. Order, ECF No. 21.)  Finally, a declaratory judgment would not be an abuse of this Court's discretion because "declaratory relief will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." *Volvo Const. Equip. N. Am., Inc.*, 386 F.3d at 592.

Next, the Court will consider the two *Lis Pendens*. The Court finds that the predicate cases involving underlying the *Lis Pendens* at issue have been dismissed. Therefore, the Court will award Deutsche Bank quiet title.

**1.    The Court Will Grant the Motion for Summary Judgment on Count I and Declare the UCC Financing Statement Null, Void, and of No Legal Effect**

Because Fegely does not genuinely dispute the claim about the UCC Financing Statement and because she presents no evidence that IndyMac authorized the Filing Statement as required by Virginia Code § 8.9A-509(a), the Court declares the Financing Statement null, void, and unenforceable.

Under Virginia law, excluding persons holding agricultural liens, a person may only file an initial financing statement only if "the debtor authorizes the filing in authenticated record." Va. Code Ann. §§ 8.9A-509(a)(1)–(2). To authorize such filing, the debtor must do so:  (1) "in an authenticated record;" (2) "[b]y authenticating or becoming bound as a debtor by a security agreement;" or, (3) "[b]y acquiring collateral." Va. Code Ann. §§ 8.9A-509(a)–(c). "A filed record is effective only to the extent that it was filed by a person that may file it under § 8.9A-509." Va. Code Ann. § 8.9A-510(a). In other words, an unauthorized filing of a financing statement renders the record ineffective. *United States v. Burton*, 2010 WL 331760, at *7 (E.D. Va. Jan. 26, 2010) (declaring "null, void, and of no legal effect" unauthorized UCC financing statements under Florida's equivalent to the relevant Virginia laws).

Despite reading the record in a light most favorable to Fegely, the facts do not give rise to a genuine dispute of material fact because she does not present any evidence that IndyMac authorized her to file the Financing Statement. The Financing Statement lacks

12

IndyMac's signature or any indication that IndyMac or *any* debtor authorized the filing.  On summary judgment, Fegely "may not rest upon" her "mere allegations" to the contrary. *Celotex Corp.*, 477 U.S. at 321 n.3.  Absent the Financing Statement, Fegely submits no documentation or other evidence of IndyMac's alleged indebtedness to her.  In fact, Fegely admitted during discovery that "no one authorized [her] to file the UCC [Financing Statement]," but instead she filed the Financing Statement "to protect [her] home."  (First Discovery Resp. ¶¶ 9, 16.)

Because Fegely does not genuinely dispute or rebut Deutsche Bank's evidence that the debtor never authorized the Filing Statement as required by Virginia Code § 8.9A-509(a), the Court declares the Financing Statement "null, void, and of no legal effect." *Burton*, 2010 WL 331760, at *7.  Therefore, the Court will grant the Motion for Summary Judgment on Count I.

> ### 2.   The Court Will Grant the Motion for Summary Judgment on Count II, Finding that No Genuine Dispute Exists That the Actions Underlying the *Lis Pendens* Are Ongoing

The Court will address the two *Lis Pendens* next.  Because Fegely does not create any genuine dispute nor present any evidence to show that the action underlying either *lis pendens* is ongoing, the Court will grant the Motion for Summary Judgment on Count II.

> #### a.   Legal Standard:  Actions to Quiet Title and *Lis Pendens* Under Virginia Law

"[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 672 S.E.2d 862, 866 (Va. 2009).  To prevail on a claim to quiet title, a plaintiff must "allege and prove that it has superior legal or equitable title" over others. *Fed. Nat'l Mortg. Ass'n v. Davis*, No. 3:19cv570, 2020 WL 3550006, at *2 (E.D. Va. Jan. 22, 2020) (quoting *Pei*

13

*P'ship Architects, LLP v. Celebrate Va. S., LLC*, No 3:13cv48, 2013 WL 1163463, at *4 (E.D. Va. Mar. 19, 2013) (citations omitted)).

Under the common law doctrine of *lis pendens*, "an interest in property acquired during the pendency of a litigation regarding the property is subject to the outcome of the litigation, provided the transferee or purchaser of the property receives notice of the pending lawsuit." *Meliani v. Jade Dunn Loring Metro, LLC*, 286 F. Supp. 2d 741, 744 (E.D. Va. 2003). Virginia Code § 8.01-268 requires a person to file a memorandum of *lis pendens* with the clerk of court in the county or city in which the property is located. Va. Code Ann. § 8.01-268(A). Once recorded, the *lis pendens* notifies subsequent bona fide purchasers for value of the pendency of the litigation. *Id.*

Once the action giving rise to the *lis pendens* "is dismissed" and judgment in the case is final,[10] the court must "release" the *lis pendens*. Va. Code Ann. § 8.01-269; *accord Calderon v. Aurora Loan Servs., Inc.*, No. 1:10cv129, 2011 WL 2749565, at *2 (E.D. Va. 2011).

> **b.    Fegely Does Not Create a Genuine Dispute of Material Fact As to the Closed Federal Action That Underlies the Federal *Lis Pendens***

Even drawing all reasonable inferences in her favor, Fegely does not genuinely dispute or rebut Deutsche Bank's evidence that the action underlying the Federal *Lis Pendens* was dismissed for lack of subject matter jurisdiction nearly ten years ago.

On August 21, 2012, Fegely filed a Memorandum of *Lis Pendens* in association with *Fegely v. OneWest Bank FSB, et al.*, 3:12cv592 (Hudson, J.) with the Circuit Court Clerk's Office of Hanover County pursuant to Virginia Code § 8.01-268(a). The same day Fegely filed

---

[10] A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Myers*, 593 F.3d 338, 344 (4th Cir. 2010) (citation omitted).

the Federal Court *Lis Pendens*, however, the District Court dismissed her case for lack of subject matter jurisdiction. Two months later, on October 25, 2012, the Fourth Circuit dismissed Fegely's appeal. Fegely did not appeal the Fourth Circuit's dismissal. As a result, dismissal of the underlying federal court action is "final." *Myers*, 593 F.3d at 344. Additionally, Fegely admitted during discovery that she "has no proof that this Civil Action is not closed." (Sec. Discovery Resp. 4.)

Because Fegely does not present any evidence to genuinely dispute or suggest that the underlying action is ongoing, the Court recognizes that the Federal *Lis Pendens* should not cloud Deutsche Bank's title to the Property. Next, the Court considers the State *Lis Pendens* as the second component in Count II.

> ### c.    Fegely Does Not Create a Genuine Dispute of Material Fact As to the Closed State Court Action Underlying the State *Lis Pendens*

Despite viewing the facts in a light most favorable to Fegely, the Court finds that no genuine dispute of material fact exists as to the finality of the action underlying the State *Lis Pendens*.

On June 28, 2013, Fegely filed in the Circuit Court Clerk's Office of Hanover County, pursuant to Virginia Code § 8.01-268(a), a Memorandum of *Lis Pendens* arising from a declaratory judgment action she brought in Hanover County Circuit Court. Three months later, on October 29, 2013, the Hanover County Circuit Court dismissed Fegely's state court Complaint with prejudice. A year later, on October 10, 2014, the Supreme Court of Virginia denied Fegely's petition to appeal. Therefore, dismissal of the underlying state court action is "final." *Myers*, 593 F.3d at 344. Fegely admitted during discovery that she "believe[s] [this action] is closed." (Sec. Discovery Resp. 4.) As a result, Fegely has failed to create a genuine

issue of material fact as to whether the litigation associated with the State *Lis Pendens* has been closed.

          **d.**    **Deutsche Bank May Seek Release of the *Lis Pendens* from the Hanover County Circuit Court Clerk**

      In addition to the findings that the Federal and State underlying actions are finally closed and final, Deutsche Bank also asks this Court to order the Hanover County Circuit Court to release the two *lis pendens* Fegely placed on the Property. It is not clear this Court has the power to do so. The common law doctrine of *lis pendens* provides that an interest in property acquired during the pendency of a litigation regarding that property is subject to the outcome of the litigation, provided the transferee or purchaser of the property receives notice of the pending lawsuit. *See* 51 AM. JUR. 2D *Lis Pendens* §§ 1, 3 (1970); 12 AM. JUR. *Lis Pendens* § 3 (1989) ("The common-law rule of *lis pendens* is that a *pendente lite* purchaser from a party to the suit of the subject matter thereof takes it subject to any decree rendered against his vendor in that suit."). The doctrine and the Virginia statutes that now codify it are designed to ensure that litigation regarding property ownership continue uninterrupted so that any relief granted in the litigation may be enforced against the property owner, even when there is a transfer or sale of the property while the litigation is pending. *Meliani*, 286 F. Supp. 2d at 744–45.

      Virginia Code §§ 8.01-268 and 8.01-269 codify this common law doctrine with some modifications. Virginia requires that an individual formally file a memorandum of *lis pendens* with the clerk of court in the county or city where the property is located. Once recorded, the *lis pendens* binds subsequent bona fide purchasers of the disputed property, with or without actual notice of the *lis pendens*, who then takes the property subject to the outcome of the pending litigation. *See* Va. Code Ann. § 8.01-268(A) ("No *lis pendens* or attachment shall bind or affect a subsequent bona fide purchaser of real or personal estate for valuable consideration and

16

without actual notice of such lis pendens or attachment, until and except from the time a memorandum . . . shall be admitted to record in the clerk's office . . . ."); *see also* 12 AM. JUR. *Lis Pendens* § 6 (1989) ("The filing of the notice of lis pendens prevents a subsequent deed of trust or purchase of the property from affecting the plaintiff in the pending suit in any way."). *Meliani*, 286 F. Supp. 2d at 744–45 (E.D. Va. 2003).

To the extent Deutsche Bank asks this Court to release the two *lis pendens* filed in the Hanover County Circuit Court, the litigation underlying the two *lis pendens* terminated years ago. It seems the outcome of the litigation does not bind Deutsche Bank or any bona fide purchaser because such actions have terminated. Here, Deutsche Bank merely seeks to obtain a clear title to the property. Should Deutsche Bank require an order releasing the *lis pendens*, it seems it should seek one from those courts in which the actions underlying the specific *lis pendens* arose. Per Virginia Code § 8.01-269, the order should provide the name of the interested parties, and may be submitted to the Clerk of the Hanover Circuit Court with a $26 filing fee. This Court recognizes, however, that because the litigation underlying each *lis pendens* has terminated, the *lis pendens* should be deemed null and void. *Cf. Symeonidis v. Hurley & Koort, P.L.C.*, No. 3:05cv762, 2005 WL 3478873, at *2 (E.D. Va. Dec. 20, 2005) (finding plaintiffs' notice of *lis pendens* null and void because their complaint did not seek "to establish an interest in the property in dispute"). In an effort to clarify the record, the Court will render more detailed findings later.

For these reasons and those stated above, the Court will grant the Motion for Summary Judgment on Count II.

**B.     The Court Will Deny the Motion to Dismiss**

Construing the Motion to Dismiss liberally, the Court interprets Fegely's fraud argument as an affirmative defense. Nonetheless, because the Court has already heard and rejected this argument in previously decided motions and because Fegely presents no "extraordinary circumstance" to justify setting those rulings aside, the Court declines to reweigh Fegely's allegations of fraud.

This Court and others[11] have rejected Fegely's allegations of fraud, FDCPA violations, lack of standing, and other attacks on the validity of the Trustee's Deed during the pendency of this case. For example, in the March 27, 2018 Memorandum Opinion, this Court denied Fegely's First Motion to Dismiss, finding that Deutsche Bank pleaded sufficient facts to state a claim for declaratory relief and to quiet title. (March 27, 2018 Mem. Op. 7–9, ECF No. 39.) In so finding, the Court rejected Fegely's arguments—even under the more lenient motion to dismiss standard—that: (1) the foreclosure sale was perpetrated by fraud in violation of the FDCPA; (2) the Trustee's Deed was invalid; (3) Deutsche Bank was required to present the note; and, (4) Deutsche Bank lacked standing to foreclose on the property. (*See id.* 8–9.)

Under the law of the case doctrine,[12] this Court declines to reconsider its previous rulings on these issues absent any indications that its "initial decision[s] [were] clearly

---

[11] Magistrate Judge Roderick C. Young, in a Report and Recommendation on the Parties' Cross Motions for Judgment on the Pleadings, found in favor of Deutsche Bank because Fegely "merely reassert[ed] the same baseless arguments that were rejected by the Court in its denial of Fegely's Motion to Dismiss." (R. & R. 9, ECF No. 49.) This Court affirmed the Report and Recommendation. (July 26, 2018 Mem. Op. 3, ECF No. 51.)

[12] The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 807 (E.D. Va. 2007) (citation omitted). The

18

erroneous and would work a manifest injustice." *Christianson*, 486 U.S. at 817. Fegely has

not presented any reason for the Court to disturb its previous rulings; indeed, she continues

to rely on the same baseless assertions that the Court has rejected on prior occasions.

Therefore, even reading her defenses liberally and drawing all inferences most favorably to

her, the Court will deny the Motion to Dismiss.

Indeed, even were the Court to consider Fegely's allegations of fraud, the Court

would find her arguments unavailing. At the summary judgment stage, although the Court

must make all reasonable inferences in favor of the nonmoving party, Fegely may not rest

on upon mere allegations in the pleadings, but instead must set forth specific facts

illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 322–24. Fegely's assertions

that the underlying documents contain "numerous irregularities" do not sufficiently create a

genuine dispute of material fact that could survive summary judgment. (Mot. Dismiss 3,

ECF No. 83.). Even reading the record in a light most favorable to her, Fegely does not

present any evidence to create a genuine dispute about or to rebut Deutsche Bank's claims at

issue: that the UCC Financing Statement was not authorized by a debtor as required under

Virginia law or that the actions underlying the *lis pendens* are ongoing. As such, the Court

will deny the Motion to Dismiss.

---

doctrine therefore "serve[s] the goals of finality and predictability in the trial court." *Id.* (citation
omitted). The Court should be reluctant to revisit its prior decisions "in the absence of
extraordinary circumstances such as where the initial decision was clearly erroneous and would
work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817
(1988) (citation omitted). "If a court is on notice that it has previously decided the issue
presented, the court may dismiss the action *sua sponte*." *See Ariz. v. Cal.*, 530 U.S. 392, 412
(2000).

## IV.  Conclusion

Based on its findings that the UCC Financing Statement recorded in the Hanover County Clerk's Office is invalid, null, and unenforceable as a matter of law; that the *lis pendens* filed in the Hanover County Clerk's Office in *Fegely v. OneWest Bank FSB, et al.*, 3:12cv592 (Hudson, J.) is final and closed and could be released; and, that the *lis pendens* filed in the Hanover County Clerk's Office in *Fegely v. Deutsche Bank Trust Company as Trustee for IndyMac INDX, et al.*, CL13-2273 (Harris, J.) is final and closed and could be released, the Court will grant the Motion for Summary Judgment and deny the Motion to Dismiss.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 3/30/2021
Richmond, Virginia